CIPRIANO MANRIQUE, Plaintiff and Appellee, v. ANTONIO RAMÍREZ, Defendant, and the HEIRS OF EUGENIA MATUTE, Defendants and Appellants.

No. 4137. Argued April 5, 1927.—Decided July 26, 1927.

Rafael Arce for the appellants. *González Fagundo & González Jr.* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

In this appeal we shall consider a motion to dismiss and the case on its merits.

The motion to dismiss is based on the fact that the notice of appeal was not served on defendant Antonio Ramírez, a party interested in the litigation.

The action was brought by Cipriano Manrique against the said Ramírez and against the heirs of his wife, Eugenia Matute, composed of her children Juan, Joaquín and Dolores Jiménez Matute and of the widower, for the recovery of a debt contracted by the conjugal partnership Ramírez-Matute. The judgment was rendered against all of the defendants. The appeal was taken by defendants Juan, Joaquín and Dolores Jiménez Matute who served notice of the appeal on plaintiff Manrique only.

No doubt exists that Ramírez is an interested party entitled to notice of the appeal and if he had remained silent the motion would have to be sustained. But on being given notice of the motion to dismiss Ramírez presented a sworn statement to this Supreme Court wherein he gives a history of the case and concludes as follows:

"And in order that the appeal may be prosecuted to an affirmance or reversal of the said judgment I hereby freely and without any reservation consider myself as legally notified of the appeal of the Jiménez-Matute heirs and at the same time I freely accept any prejudice that might be caused me by a reversal or affirmance of the aforesaid judgment."

This entirely cures the defect of which the plaintiff-appellee sought to take advantage.

The following is copied from p. 328 of vol. 2 of California Jurisprudence:

"It is well established that an appellate court may obtain jurisdiction of an appeal as well by voluntary appearance by an adverse party as by service of notice of appeal upon him. The requirement that notice of appeal be served upon the adverse party is for the protection of such adverse party, and the service of the notice, like service of a summons, may be waived by him or his attorney, and is waived by a voluntary appearance."

The rule results truly equitable in this case in which the actual contending parties are the appellants and the plaintiff-appellee, for although Ramírez is an interested party and liable if the judgment should be affirmed, his liability is illusory because of his insolvency as shown during the course of the litigation.

Having reached the foregoing conclusion, *i. e.*, that the appeal should not be dismissed, we shall consider the case on its merits.

The complaint in the action was filed on September 8, 1924, and in its pertinent part reads as follows:

"Now comes Cipriano Manrique and files this complaint against Antonio Ramírez and the heirs of his wife, Eugenia Matute, and as a cause of action alleges:

"1. That the plaintiff is a resident of Caguas, of age, married and has a business establishment in the city of Caguas.

"2. That defendant Antonio Ramírez González is a resident of Caguas, of age, property owner and was married to Eugenia Matute until March 17, 1921, when she died intestate leaving as her nearest relatives her children Juan, Joaquín and Dolores Jiménez Matute and her surviving husband, who have accepted the inheritance.

"3. That during the wedlock of Antonio Ramírez and Eugenia Matute and in or about the month of June, 1920, he began to buy goods from the plaintiff and as a consequence there originated a current account between them for goods sold and delivered, which account gave a balance on March 1, 1921, when it was liquidated,

of $3,057.67 in favor of the plaintiff. A copy of the current account is attached and made a part of this complaint.

"4. That it was agreed by the parties that the said amount should bear interest at one percent monthly and the amount of interest on the balance mentioned in the foregoing averment up to August 31, 1924, totaled $1,192.49, which sum together with the balance stated in the foregoing averment amounts to $4,250.16 which the defendants have failed to pay notwithstanding the fact that payment has been demanded of them."

The current account exhibited covers twelve pages of the transcript. It begins on June 7, 1920, and ends on March 1, 1921.

The defendant-appellants demurred to the complaint and in ruling on the demurrer the court said:

"Having considered the demurrer to the complaint on the ground of prescription of the action under the provisions of section 1868, subdivision 4, of the Civil Code, as the other demurrer of lack of cause of action has been withdrawn, and it being alleged in the complaint that the account was liquidated as agreed between the parties on March 1, 1921, there being also an agreement for the payment of interest, the action has not prescribed and the said demurrer is overruled in view of the decision in the case of *Hernández v. Pérez et al.*, 17 P.R.R. 579, and ten days are allowed the appearing defendants Juan, Joaquín and Dolores Jiménez Matute within which to answer."

The said defendants answered. Two answers, to which we shall refer later, were filed by the other defendant, Ramírez. The case went to trial and the court finally rendered judgment against Ramírez and the Jiménez-Matute heirs for $4,250.16 with interest thereon at twelve percent annually to be paid to the plaintiff, without costs.

In their brief the Jiménez-Matute appellants assign six errors, the first referring to the question of prescription.

In our opinion the appellants are right. The origin of the debt appears from the allegations of the complaint and from the current account attached thereto as merchandise

bought by the Ramírez-Matute spouses from the merchant Manrique. The account was closed on March 1, 1921. While there are some later items they refer to the interest charged by Manrique. It is signed only by Manrique. It does not bear any note of acceptance or agreement in connection therewith on the part of the defendants.

In the fourth count of the complaint it is stated "that it was agreed between the parties that the said amount would draw interest at the rate of one percent monthly" and then a calculation is made of the amount of interest up to the 31st of August, 1924. The district court seems to have construed that count as signifying a new agreement entered into on March 1, 1921, but this does not appear to be the case, or at least it was not clearly alleged. On the contrary, from the current account attached to the complaint and made a part thereof it appears that the same interest had been charged before that date.

Therefore, all that the complaint shows very plainly is that Manrique, a merchant, sold to Ramírez, the husband of Eugenia Matute who was the mother of the Jiménez-Matute defendants, goods amounting on March 1, 1921, with the addition of interest thereon because they had not been paid for in time, to $3,057.67, according to the liquidation made by Manrique, value to the 30th of the following May.

This being the case, that sum of $3,057.67 should have been collected by Manrique within the three years fixed by section 1868 of the Civil Code which reads in part as follows:

"Sec. 1868. Actions for the fulfillment of the following obligations shall prescribe in three years:

" *       *       *       *       *       *       *

"4. For the payment of board and lodging to innkeepers, and to traders for the value of goods sold to others who are not traders, or who, being such, are engaged in a different trade.

"The time for the prescription of actions referred to in the three preceding paragraphs shall be counted from the time the respective services have ceased to be rendered."

That section is the equivalent of section 1967 of the old Civil Code on which Manresa comments as follows:

"As shown from a mere comparison of its terms, the Code has widened the scope of this rule of prescription established in the laws of the *Novísima Recopilación* which we have indicated before, making it extensive to all sales made by every trader in general, with the only exception of those made to merchants who trade in the same kind of goods, which exception is based on the ground of convenience easily understood for the sake of business in order to facilitate trade and the development thereof." 12 Manresa, Commentaries on the Civil Code, 864.

In this relation there is a judgment of the Supreme Court of Spain which contains the following doctrine:

"The fundamental question involved in the present appeal consists in deciding whether the obligations contracted by B in favor of A by the purchase of goods on credit, which claims are now held by his widow and minor children, subsist in their original shape or whether they have been novated by the four private instruments of February 28, 1886; January 31, 1888; March 1, 1894, and April 16, 1895.

"The judgment appealed from does not violate the provisions of subdivision 4 of section 1967 of the Civil Code in connection with the other legal provisions of that Code invoked in the first ground of the appeal, because in granting the prayer of the complaint in this action for the 2,367 *pesetas* claimed the lower court did not do so considering that sum as the amount of goods bought on credit, although such was its origin, but by reason of the special and concrete obligation contracted in the private instruments referred to and by means of which the conditions of the original obligations were manifestly changed as shown by their terms, leaving in the hands of the debtor the amounts due as loans drawing interest in substitution of the former by virtue of the provisions of the first part of section 1203." Scaevola, Civil Code Jurisprudence, 1906, p. 592.

If on closing the current account Manrique had novated the contract, that is, if he had secured the acknowledgment of the debtor at the foot of the current account and changed the balance into an independent personal obligation, or if,

as is the usual practice in business, he had got Ramírez to execute in his favor one or several promissory notes, a practice which Manrique himself had followed with the same Ramírez as it seems to appear from the first page of the current account, then he would have placed himself in the situation which the district court had in mind in overruling the demurrer on the ground of prescription, and application might have been made in his favor of the decision of the Supreme Court of Spain which we have just quoted and that of the Supreme Court of Porto Rico cited by the district judge in the decision transcribed.

He failed to do so and has lost his right because the filing of his complaint on September 8, 1924, was more than three years after the last sale of goods.

As regards defendant Ramírez there has taken place something really abnormal in this case. First there appears an answer signed by attorney A. L. López in his name agreeing to entry of judgment, and then there is another signed and sworn to by Ramírez himself stating that he had never authorized attorney López to represent him in the present case; that being insolvent, it had been his intention not to be a party to the suit and that having been compelled to appear by the above circumstance, he made the admission that he had bought goods from Manrique prior to March, 1921, for the agreed and settled sum of $3,051; that that transaction had been carried out between the defendant and Manrique without the intervention of his wife; that he denies ever having agreed to pay interest at the rate of one percent or at any other rate, and that the debt in question had not been paid either by the defendant or by his wife, who died on March 17, 1921, because they lacked the means.

In our opinion, whatever scope or value may be given to the foregoing allegations they can not prejudice the Jiménez-Matute defendants who pleaded prescription in their favor. Of course the judgment should hold as against Ramírez, for-

he did not plead prescription although he was entitled to do so. Nothing can prevent a debtor from paying his debts notwithstanding the provisions of the Code in regard to prescription.

The fact that the Jiménez-Matute defendants withdrew their plea of insufficient facts to determine a cause of action has not the importance attributed to it by appellee Manrique. Those defendants had pleaded separately lack of facts and prescription and although the latter might be included essentially in the former, it can not be considered as waived by the withdrawal of the former. What they did was to abandon the general and indeterminate in order to adopt the special and concrete.

Having arrived at the foregoing conclusions, it is unnecessary to consider the other assignments of error. It appears from the complaint that the action is prescribed as regards the defendants who pleaded prescription and therefore the judgment appealed from must be reversed as to them.